UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 09, 2009

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: CHEERIOS MARKETING & SALES
PRACTICES LITIGATION

MDL No. 2094

**TRANSFER ORDER**

**Before the entire Panel**[*]:  Plaintiffs in one action pending in the Central District of California and one action pending in the Eastern District of California have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the latter district.  This litigation currently consists of those two actions and three other actions pending in the Central District of California, District of New Jersey, and Eastern District of New York, respectively, as listed on Schedule A.

All responding parties support centralization, but there is some disagreement as to an appropriate transferee district.  Plaintiff in the other action pending in the Central District of California joins movants in supporting selection of the Eastern District of California.  Plaintiff in the action pending in the Eastern District of New York, however, favors selection of that district, while common defendant General Mills, Inc., favors selection of the District of New Jersey.

On the basis of the papers filed and the hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All five actions involve allegations concerning General Mills's labeling of its Cheerios cereals, and, specifically, claims that eating Cheerios can lower a person's cholesterol.  Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of New Jersey is an appropriate transferee district for pretrial proceedings in this litigation.  One of the five constituent actions is already pending in that

---

[*]  Panel members who potentially are members of a yet-to-be certified class in this litigation have renounced their participation in any such class and have participated in this decision.  To the extent that such an interest is later determined for any reason to survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407.  *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L.2001).

- 2 -

district, and Judge Peter G. Sheridan, who is presiding over that action, has the time and experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Peter G. Sheridan for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Robert L. Miller, Jr.         Kathryn H. Vratil
David R. Hansen               W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

**IN RE: CHEERIOS MARKETING & SALES
PRACTICES LITIGATION**                                                          MDL No. 2094

## SCHEDULE A

<u>Central District of California</u>

Hobin Choi v. General Mills, Inc., C.A. No. 2:09-3940
Claire M. Theodore v. General Mills, Inc., C.A. No. 2:09-4620

<u>Eastern District of California</u>

Charity E. Huey v. General Mills, Inc., C.A. No. 2:09-1368

<u>District of New Jersey</u>

Edward Myers, et al. v. General Mills, Inc., C.A. No. 2:09-2413

<u>Eastern District of New York</u>

Jeffrey Stevens v. General Mills, Inc., C.A. No. 1:09-2289